**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **RADAMES MOLINA ALBELO** | ) |
| | ) |
| **On behalf of himself and** | ) |
| **all other persons similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: 17-cv-454 |
| | ) |
| **EPIC LANDSCAPE PRODUCTIONS,** | ) |
| **L.C.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

Service Instructions:

Donald M Chapman
Registered Agent
4705 E 184th Street
Belton, MO 64012

**COMPLAINT**
*Collective Action Claims*

**COMES NOW,** Plaintiff, Radames Molina Albelo, on behalf of himself, and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act ("FLSA") under §216(b) as follows:

**PRELIMINARY STATEMENT**

1. In 2009, Sean Buchanan brought an action to recover unpaid overtime under the Fair Labor Standards Act. Mr. Buchanan, as an hourly laborer, asserted that Defendant had failed to properly pay overtime under the Fair Labor Standards Act. Since that time, Defendant has not changed its pay practices with respect to its hourly laborers.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant, Epic Landscape Productions, L.C. ("Epic" or "Defendant"), for unpaid straight time, overtime compensation, and related penalties and damages. It is Defendant's practice and policy to willfully fail and refuse to pay all straight time and overtime compensation due and owing to Plaintiff, and all other similarly situated employees, and doing so is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq.*

3. Defendant's pay practices and policies are in direct violation of the FLSA, and therefore Plaintiff, on behalf of himself and all others similarly situated, seeks declaratory relief; unpaid straight time compensation; overtime premiums for all overtime work required, suffered, or permitted by Defendant; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## **PARTIES**

4. Plaintiff Radames Molina Albelo currently resides in Allentown, Pennsylvania.

5. Plaintiff was employed as an Hourly Laborer for Defendant and performed work for Defendant in Kansas and Missouri.

6. The Putative Plaintiffs/Class Members are those employees, and former employees, of Defendant who were suffered or permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

7. Defendant is a limited liability corporation organized in Kansas, registered in Missouri, and operating and conducting business in Missouri

8. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an

employer, joint employer, single employer and/or otherwise according to statutory and/or common law.

**JURISDICTION AND VENUE**

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

10. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant is registered in Missouri, has a registered agent in Missouri, regularly operates in Missouri, and Plaintiff and the putative collective class members are or were employees, working in Jackson County, Missouri, which is located within this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and has substantial business contacts in the Western District of Missouri, and the causes of action set forth herein have arisen, in part, and occurred, in part, in Jackson County, Missouri, located in the Western District of Missouri.

12. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Missouri.

**GENERAL COLLECTIVE ACTION ALLEGATIONS**

13. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiff are similar to the claims of the Putative Plaintiffs.

14. Putative Plaintiffs/Class Members are those current and former employees of Defendant who were suffered or permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

15. At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its hourly landscaping employees straight time for all hours worked and overtime compensation for all hours worked in excess of forty hours per week.

16. The Plaintiff and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to compensate employees their regular or statutorily required rate of pay for all hours worked.

17. Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to compensate its employees properly for straight time and overtime pay for all hours worked violates the FLSA.

18. Plaintiff will adequately represent the interests of the Putative Plaintiff/Class Members because they are similarly situated to the Putative Plaintiff/Class Members and their claims are typical of, and concurrent to, the claims of the other Putative Plaintiff/Class Members.

19. There are no known conflicts of interest between the Plaintiff and the other Putative Plaintiff/Class Members.

20. Class Counsel is qualified and able to litigate the Putative Plaintiffs'/Class Members' claims. Class Counsel concentrate their practices in employment litigation, and their attorneys are experienced in collective action litigation, including collective actions arising under federal and state wage and hour laws.

21. The collective action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

22. Proceeding as a collective action would permit the potentially large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

23. A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

24. Collective action treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented landscaping corporation such as Defendant.

25. Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

26. Individual joinder of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

27. Each Putative Plaintiff/Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to properly compensate employees for their regular or statutorily required rate of pay for all hours worked.

28. Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

29. Plaintiff, on behalf of himself and all others similarly situated, sets forth additional collective action allegations in the various counts set forth herein.

## COUNT I
## Fair Labor Standards Act

30. As far as the factual allegations set forth above are applicable to the claims made in Count I, Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

31. Plaintiff was employed by the Defendant in 2016. During this time, Plaintiff performed work for Defendant in the position of Hourly Laborer.

32. Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other individuals who had the same compensation structure as Plaintiff (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

33. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Hourly Laborers within three years from the commencement of this action who have not been paid straight time for all hours worked and overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

34. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

35. Plaintiff and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to properly pay straight time and overtime compensation in violation of the FLSA.

36. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

37. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

39. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

40. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

41. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

42. Plaintiff, and the putative members of the FLSA representative action, are entitled to be paid overtime compensation at a rate of 1.5 times their regular rate for all overtime hours worked.

43. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay to its overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. Rather than paying its

employees overtime compensation, Defendant paid its employees the same straight time hourly rate.

44. Defendant's failure to compensate Plaintiff, and all others similarly situated, straight time for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

45. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its employees under the same unlawful policies and procedures that are set forth in detail herein.

46. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff, on behalf of himself and all others similarly situated, seek damages in the amount of all respective unpaid straight time and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative members of the FLSA representative action, pray for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to

assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b); and

b. Designation of Plaintiff Radames Molina Albelo as Representative Plaintiff of the proposed putative members of the FLSA representative action; and

c. An award of damages for overtime compensation due for Plaintiff and the putative members of the Class; and

d. An award of liquidated damages, to be paid by Defendant; and

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted:

**THE HODGSON LAW FIRM, L.L.C.**

By: */s/ Michael Hodgson*
      Michael Hodgson    MO # 63677
      mike@thehodgsonlawfirm.com
      6 NW Main St.,
      Lee's Summit, MO 64063
      Tel: (913) 890-3529

and

**MOSE LAW LLC**

By: *s/ Paul H. Mose*
      Paul ("Pablo") Mose, MO #68287
      3111 Strong Avenue
      Kansas City, KS  66106
      O: (913) 432-4484
      F: (913) 432-4464
      Pablo@moselaw.com

**ATTORNEYS FOR PLAINTIFF**