IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO, o/b/o himself and all other persons similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 17-00454-CV-W-ODS |
| EPIC LANDSCAPE PRODUCTIONS, L.C., | )<br>)<br>) |
| Defendant. | ) |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION

Pending is a motion for conditional certification pursuant to 29 U.S.C. § 216(b) filed by Plaintiff on behalf of himself and all other persons similarly situated. Doc. #38. The motion is granted. As explained below, the Court authorizes notices to be sent to potential opt-in class members in a form consistent with this order.

I. BACKGROUND[1]

Plaintiff Radames Molina Albelo is a former hourly landscape laborer for Defendant Epic Landscape Productions, L.C. Defendant is a full-service landscape company providing landscaping, maintenance, and irrigation services to residential and commercial customers throughout the greater Kansas City metro area. Plaintiff alleges Defendant violated the Fair Labor Standards Act ("FLSA") by failing to properly compensate hourly landscape laborers for all hours worked in excess of forty hours per week.[2] Defendant contends it properly compensated Plaintiff and other hourly landscape laborers in accordance with the FLSA, and other applicable state wage and

---

[1] The Court draws facts from the second amended complaint (Doc. #34), and briefing associated with the motion for conditional certification (Docs. #38-40).
[2] Plaintiff also alleges violations of Missouri and Kansas wage and hour laws, and bring claims for quantum meruit, breach of contract, and unjust enrichment. These claims are not at issue in the instant motion.

hour laws. At this stage of the proceedings, Plaintiff seeks conditional certification of a class of similarly situated hourly landscape laborers who allegedly were not properly compensated for overtime hours worked in excess of forty hours per week.

## II. STANDARD

The FLSA mandates an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. An action to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Under this FLSA framework, an employee's statute of limitations continues to run until his or her written consent to become a party plaintiff to the action is filed with the court. 29 U.S.C. § 257.

The Eighth Circuit has not adopted a particular standard for evaluating conditional certification of a collective action, but a majority of district courts in this circuit have used the analysis adopted by the Fifth Circuit. "Under this two step-process, the plaintiff first moves for class certification for notification purposes. . . . At this early stage of litigation, the Court does not reach the merits of the plaintiff's claims. Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" *Kautsch v. Premier Commc'ns.*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007) (citations omitted). "At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." *Id.*

Because the decision at this stage is made with limited information and is conditional in nature, Plaintiff's burden is not onerous. There is no need to show that the would-be members are identical. It is sufficient if the plaintiff presents *some* evidence demonstrating the class members are similar in important respects, most

2

notably by demonstrating they are subjected to similar policies or circumstances. *E.g.*, *Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 926 (W.D. Mo. 2008); *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008); *Kautsch*, 504 F. Supp. 2d at 689; *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007).

### III. DISCUSSION[3]

#### A. Conditional Certification of Class

The second amended complaint identifies the proposed class to which notice would be sent as "[a]ll current and former landscape laborers of Defendant who were not fully compensated at the applicable wage rates for all work performed." Doc. #34, ¶ 47. Several parts of the record support conditionally certifying the class as proposed. The second amended complaint, among other things, alleges Plaintiff, and others similarly situated to him, are current or former landscape laborers who worked in excess of forty hours per week while performing similar job duties for Defendant, but were not paid overtime compensation for all hours worked in excess of forty hours. *See generally* Doc. #34. In support of their motion, Plaintiff supplied pay records of potential class members (Doc. #38-1), job advertisements placed by Defendant describing the duties required for landscape laborers (Doc. #38-2), and Defendant's answers to interrogatories (Doc. #38-3). Although the Court will need further explanation of the pay records, it is clear hourly employees worked in excess of forty hours per week for Defendant. Furthermore, the Court has no reason to believe, at this juncture, landscape laborers do not perform the duties as described in Defendant's advertisements seeking landscape laborers.

Defendant argues conditional certification is improper because Plaintiff fails to show he and others similarly situated were victims of a common policy or plan that violated the law. Defendant states landscape laborers were properly classified as exempt under the Motor Carrier Act exemption in 29 U.S.C. § 782.2, and asserts this

---

[3] Throughout the discussion section, the Court will refer to Plaintiff, instead of Plaintiffs, because the pending motion was filed by Albelo, who at the time the motion was filed, was the only Plaintiff.

exemption was lawfully applied.  While the applicability and validity of Defendant's employment practices cannot be ascertained until the second stage of the two-stage process described above, Defendant's answer to Interrogatory No. 10 represented landscape laborers are exempt from FLSA overtime rules under the Motor Carrier Act exemption.  This assertion alone is sufficient to conditionally certify the proposed class because it shows landscape laborers were subject to a single policy in that they were classified as exempt.  *See Kennedy v. Boulevard Bank*, No. 12CV40JCH, 2012 WL 3637766, at *3 (E.D. Mo. Aug. 22, 2012) (citations omitted) (identifying similar claim as a "misclassification claim" and conditionally certifying class).  Accordingly, the Court finds conditional certification is proper.

Defendant argues, if conditional certification of a class is granted, the class should be limited to those individuals working in the same positon, location, and under the same supervisor as Plaintiff Albelo.  Although Defendant argues the proposed class definition is vague and inadequate, the Court declines to limit the class in the drastic fashion proposed by Defendant.  To the extent there are differences in the duties of landscape laborers, the Court is confident Defendant will fully brief the issue for the Court at the appropriate time.[4]

Defendant also raises two objections to the requested notice.  First, Defendant seeks to limit the class to those who worked for Defendant for a two year period, rather than a three-year period as permitted under the FLSA for "willful" violations, because there is no factual basis for a three-year period or "willful" FLSA violations.  *See* 29 U.S.C. § 255(a).  The second amended complaint alleges an FLSA action was brought against Defendant in 2009 for failure to properly pay overtime wages, but Defendant did not change its practices with respect to hourly laborers.  Doc. #34, at 1.  It is further alleged Defendant's continual violation of the FLSA is "willful."  Doc. #34, at 8.

---

[4] Defendant also briefly suggests Albelo is not an adequate class representative because he "only worked for Epic for a short time," and it is "unclear" whether he is an appropriate representative.  Doc. #39, at 8.  The lawsuit's allegations are based on injuries suffered each pay period in which they were uncompensated for time worked in excess of forty hours per week.  There is no reason to believe Albelo cannot adequately serve as a class representative simply because others may have suffered the injury more times than he did.

Additionally, whether a violation is "willful" is typically a question of fact addressed at summary judgment or trial, and judicial economy is often served by conditionally certifying a "larger, more inclusive" class during this first stage of FLSA litigation. *Littlefield v. Dealer Warranty Servs.*, LLC, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010). The Court finds a three-year notice period appropriate in this matter.

Defendant's second objection to the proposed notice appears to be based on a typographical error the Court can easily resolve. The class, as detailed in the second amended complaint, does not identify a date range in which a potential plaintiff must have worked for Defendant to qualify as an opt-in class member. The prayer for relief in the motion for conditional certification identifies March 25, 2013, to the present as the applicable time frame. Defendant correctly notes this action was commenced on June 5, 2017, and thus, any proposed notice period would date back to no earlier than June 5, 2014. Plaintiff, in his reply brief, identifies June 5, 2014, as the applicable date for the Court. Having found a three-year notice period appropriate, the Court finds June 5, 2014, three years prior to the commencement of this action, as the applicable notice period.

Based on the foregoing, the Court conditionally certifies an FLSA class consisting of: "[a]ll current and former landscape laborers who worked for Defendant at any time from June 5, 2014, to the present who were not fully compensated at the applicable wage rates for all work performed."[5] The Court designates Plaintiff Radames Molina Albelo as class representative, and approves Michael Hodgson of The Hodgson Law Firm, LLC, and Paul ("Pablo") Mose of Mose Law LLC, as class counsel.[6]

### B. Form and Manner of Notice

The Court now addresses the form and manner of notice used to notify potential class members of their rights and ability to opt-in to this action. Plaintiff requests

---

[5] Plaintiff's prayer for relief includes a request to toll the statute of limitations for putative class members from the date his motion for conditional certification was filed until the close of the opt-in period. However, Plaintiff's initial brief and reply brief do not address law or facts related to tolling. The Court denies this request, to the extent it has been made.

[6] Defendant did not raise an objection to the appointment of class counsel.

information on potential opt-in plaintiffs from Defendant, proposes a notice plan dictating how he seeks to reach potential opt-in plaintiffs, and provides proposed notices in English and Spanish. Defendant objects to each on a number of grounds.

Defendant shall have fourteen days from the date of this order to provide Plaintiff with a computer readable data file (such as MS Word document or Excel file) containing the name, last known address, dates of employment, phone number, and e-mail addresses for each current and former employee falling within the class definition. This information shall also be produced in hard copy format within fourteen days of the date of this order. To the extent Defendant requires more time to conduct a review of relevant personnel records to locate e-mail addresses not already stored electronically, the parties shall confer in accordance with Local Rule 37.1 to mutually agree on a short extension of time. The Court denies Plaintiff's request for social security numbers and dates of birth of potential opt-in class members because Plaintiff has not adequately persuaded the Court this information is necessary in light of the information the Court has ordered produced.

The notice period in which individuals may opt-in shall run for ninety days from the date of this order. Plaintiff shall send, via first-class mail, the approved notice to potential opt-in class members. Plaintiff shall also send, via e-mail, the approved notice to potential opt-in class members.[7] Defendant shall post two copies, one in English and one in Spanish, of the approved notice near employee time punch clocks, as well as bulletin boards in its office where additional employment related notices are routinely posted. The Court denies Plaintiff's request to require notice be included in paychecks to current employees. Finally, Plaintiff may send two additional reminder notices, one via first-class mail and one via e-mail, forty-five days prior to the running of the notice period.

---

[7] Defendant inexplicably states e-mail is not a more viable method of notice than first-class mail. Courts routinely approve the use of e-mail for notice. *See Pollard v. Remington Arms Co.*, 320 F.R.D. 198, 212 (W.D. Mo. 2017) (listing cases). Moreover, Federal Rule of Civil Procedure 23 will be amended effective December 1, 2018, absent congressional action otherwise, to include notice via "electronic means" as a viable method. *See* Amendments to the Federal Rules of Practice and Procedure 2018, Federal Judicial Center, https://www.fjc.gov/sites/default/files/2017/Rules-Amendments-2018-Supreme-Court-Transmittal.pdf (last visited May 23, 2018).

The Court approves the proposed notice with the following amendments: (1) the notice shall identify "Hourly Landscape Laborers" as the potential class members in the notice's title, (2) in section one, the date listed for authorization of the notice shall reflect the date of this Order, (3) in section two, the pronoun identifying Plaintiff Albelo shall be edited if necessary, and (4) the caption of the consent to join form shall correctly identify Plaintiff Albelo, and indicate Defendant in the singular rather than plural. Plaintiff shall edit the Spanish language version of the notice form in the manner set forth above as well. The Court overrules Defendant's additional objections to the notice form.

## IV.  CONCLUSION

Plaintiff's motion for conditional certification pursuant to 29 U.S.C. § 216(b) is granted. The Court conditionally certifies an FLSA class consisting of: "[a]ll current and former landscape laborers who worked for Defendant at any time from June 5, 2014, to the present who were not fully compensated at the applicable wage rates for all work performed." The Court approves Plaintiff's notice plan consistent with the above directives to edit the notice form, and to provide notice consistent with the deadlines set forth in this order. Pursuant the Court's interim scheduling order (Doc. #20), the parties shall submit an updated joint proposed scheduling order within twenty-one days of the date of this order.

IT IS SO ORDERED.

DATE: May 23, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT