IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO,<br>o/b/o himself and all other persons<br>similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>EPIC LANDSCAPE<br>PRODUCTIONS, L.C.,<br><br>    Defendant. | Case No. 17-00454-CV-W-ODS |

## ORDER DENYING DEFENDANT'S MOTION FOR ISSUANCE OF CORRECTIVE NOTICE

Pending is Defendant's motion for issuance of corrective notice. Doc. #109. On December 11, 2018, the Court entered an Order (1) authorizing Plaintiff to send notices to additional potential opt-in collective action members, and (2) re-opening the notice period, giving individuals until March 11, 2019, to opt-in to this lawsuit. Doc. #97. Following the Order, Plaintiff sent notices to potential opt-in collective action members, listing the opt-in deadline as April 4, 2019, rather than March 11, 2019. Defendant requests a corrective notice be issued to all putative collective action members, notifying them of the correct opt-in deadline. However, as a result of Plaintiff's error, only two individuals consented to join the case between the opt-in deadline of March 11, 2019, and April 4, 2019. Doc. #119. The Court finds the addition of two late "opt-ins" will not substantially prejudice Defendant and is consistent with the broad and flexible reading of the Fair Labor Standards Act ("FLSA"). *See Kelly v. Alamo*, 964 F.2d 747, 749-50 (8th Cir. 1992). The Court also denies Defendant's request to issue a corrective notice as it is unnecessary at this point.

Defendant also argues Plaintiff's notices fail to contain the modifications ordered by the Court in its conditional certification Order. Specifically, the notices use the term "landscape laborer" rather than "hourly landscape laborer." Doc. #109-2. Although the

Court approved the parties' proposed notice identifying "Hourly Landscape Laborers" as the potential class members in the notice's title, the class was defined as "[a]ll current and former landscape laborers . . . ," and did not indicate whether the laborers were hourly.  Doc. #41.  Further, Plaintiff only mailed notice to individuals included on the list provided by Defendant.  Therefore, the "hourly" distinction is immaterial.  The Court finds Plaintiff's error is harmless.

      For the reasons stated above, all consent to join forms filed in this case to date are deemed timely filed, and Defendant's motion for issuance of corrective notice is denied.

IT IS SO ORDERED.

DATE: April 17, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT