IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO, o/b/o himself and all other persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No.: 4:17-cv-0454-DGK |
| v. | ) ) |
| EPIC LANDSCAPE PRODUCTIONS, L.C, | ) ) |
| Defendant. | ) |

### ORDER DENYING MOTION FOR RECONSIDERATION

This is a collective action lawsuit seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). The Second Amended Complaint, ECF No. 34, adds Rule 23 class action claims for various state law causes of action, including breach of contract. On May 23, 2018, the Court[1] conditionally certified a collective class of current and former landscape laborers who worked for Defendant. A motion to certify a Rule 23 class is currently pending, as is a motion to de-certify the collective class, and cross-motions for summary judgment.

Now before the Court is Defendant's Motion for Reconsideration. ECF No. 231. Defendant asks the Court to reconsider its May 6 Order directing Defendant to provide electronic pay records for putative Rule 23 class members. Order Clarifying Prior Order, ECF No. 230. In short, Defendant argues the order was incorrect and will lead to an overly broad document production.

The history of this motion is as follows. On May 4, 2021, the parties contacted the Court's

---

[1] This case was previously assigned to the Honorable Ortrie D. Smith, Senior Judge, United States District Court for the Western District of Missouri. It was transferred to the undersigned on January 22, 2020.

courtroom deputy to schedule a discovery dispute teleconference concerning how the Court's December 8, 2020, Order, ECF No. 181, should be interpreted. A law clerk emailed the parties back, writing, "Before Judge Kays schedules anything, he would like to know more about the dispute. Could the parties email me back with a summary of the dispute?"

Plaintiff's counsel replied first outlining the dispute and summarizing his position. Shortly afterward, defense counsel sent the following email:

> This dispute concerns an interpretation of Doc. 181, an Order addressing Epic's objections to Plaintiffs' Third Request for Production.
>
> On December 4, 2020, Plaintiffs moved to compel production of documents responsive to their Third Request for Production and specifically at issue here, Request No. 1. (Doc 177). In their motion, Plaintiffs wrote, "Request No. 1 asks for pay records for each opt-in plaintiff from June 5, 2014 to the present, in a format similar to that which Defendant already produced pay records. (Ex. 1)." (Doc. 177 at 1). Epic opposed the motion. (Doc. 178).
>
> The Court ruled on the Motion on December 8, 2020. (Doc. 181). The Court overruled Epic's objections and ordered Epic to produce the documents in Request No. 1. *Id.* After the Order, Epic produced pay records for each opt-in plaintiff from June 5, 2014 to the present.
>
> After the close of discovery on February 10, 2021, Plaintiffs reached out to Epic, alleging Epic failed to comply with the Court's Order at Doc. 181, because it did not produce electronic pay records for all "class members." Plaintiffs interpret "class members" to mean the putative class members of a Rule 23 class that does not yet exist. Plaintiffs moved to certify a Rule 23 class on March 10, 2021. (Doc. 208.). The Court has not yet ruled on that motion.
>
> To Epic's understanding, Plaintiffs' position is that, on December 8, 2020, the Court ordered Epic to produce payroll records for "class members" of the putative Rule 23 class, which did not exist and whose certification was not yet before the Court.

Epic's position is as follows:

- Plaintiffs' motion to compel a response to Request No. 1 (Doc. 177) sought pay records for each opt-in plaintiff from June 5, 2014 to the present. It did not seek pay records for putative members of a Rule 23 class, which did not exist.
- In Doc. 181, the Court ordered Epic to disclose pay records for each opt-in plaintiff from June 5, 2014 to the present. It did not order Epic to disclose pay records for putative members of a Rule 23 class, which did not exist.
- Epic disclosed these pay records.
- Discovery closed on February 10, 2021. (Doc. 156).
- Plaintiffs' interpretation of Doc. 181 is an attempt to avoid the discovery deadline because Plaintiffs did not request the pay records for putative class members of the requested Rule 23 class before February 10, 2021.

Epic recognizes the fast-approaching trial date of July 19, 2021, and Plaintiffs' need to resolve this discovery dispute in a timely way.

Email chain dated May 4, 2021, ECF No. 232.

The parties' description of the dispute and the explanation of their positions was equivalent to the one page summary from each party the Court typically reviews prior to ruling on a discovery dispute pursuant to Local Rule 37.1. After reviewing the emails, and in light of the rapidly approaching trial date, the Court determined—as it often does—that it did not need to hold a formal teleconference with the parties to resolve this discovery dispute.

The Court issued a short order which in relevant part stated:

> The Court's prior order is admittedly ambiguous. While Defendant's reading of the [December 8] order is not unreasonable, given the rapidly approaching July trial date, the likelihood the Court will certify a Rule 23 class, and Plaintiffs' counsel's need for this information to calculate damages for the putative class, the prior order should be interpreted to mean Defendant shall provide electronic pay records for all putative Rule 23 class members as well.

> Defendant shall produce these records by May 27, 2021, unless
> Plaintiffs agree in writing to their production at some later time.

Order at 1–2.

On May 14, Defendant filed the pending eight-page motion for reconsideration which expands upon the arguments made in the May 4 email, but does not provide any new facts or law.

After carefully reviewing the pending motion and re-reading the December 8 Order, the parties' May 4 emails, and the Court's May 6 Order, the Court sees no error in the May 6 Order that merits reconsideration. Accordingly, the motion for reconsideration is DENIED.

Defendant shall produce the records by June 3, 2021.

**IT IS SO ORDERED.**

Date: May 25, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT