# JL Lehr

**From:** Rosebrough, Charlie (SHB) <crosebrough@shb.com>
**Sent:** Tuesday, May 4, 2021 5:00 PM
**To:** tim_bertramgraf.com;  Pablo Mose; ebarth_hinklaw.com; mike_thehodgsonlawfirm.com; wmartucci_shb.com
**Cc:** Tracy Strodtman
**Subject:** RE: 17-cv-00454-DGK Albelo v. Epic Landscape Productions, L.C.

**CAUTION - EXTERNAL:**

This is Charlie Rosebrough, counsel for Defendant Epic Landscape Productions, L.C. ("Epic").

This dispute concerns an interpretation of Doc. 181, an Order addressing Epic's objections to Plaintiffs' Third Request for Production.

On December 4, 2020, Plaintiffs moved to compel production of documents responsive to their Third Request for Production and specifically at issue here, Request No. 1. (Doc 177). In their motion, Plaintiffs wrote, "Request No. 1 asks for pay records for each opt-in plaintiff from June 5, 2014 to the present, in a format similar to that which Defendant already produced pay records. (Ex. 1)." (Doc. 177 at 1). Epic opposed the motion. (Doc. 178).

The Court ruled on the Motion on December 8, 2020. (Doc. 181). The Court overruled Epic's objections and ordered Epic to produce the documents in Request No. 1. *Id.* After the Order, Epic produced pay records for each opt-in plaintiff from June 5, 2014 to the present.

After the close of discovery on February 10, 2021, Plaintiffs reached out to Epic, alleging Epic failed to comply with the Court's Order at Doc. 181, because it did not produce electronic pay records for all "class members." Plaintiffs interpret "class members" to mean the putative class members of a Rule 23 class that does not yet exist. Plaintiffs moved to certify a Rule 23 class on March 10, 2021. (Doc. 208.). The Court has not yet ruled on that motion.

To Epic's understanding, Plaintiffs' position is that, on December 8, 2020, the Court ordered Epic to produce payroll records for "class members" of the putative Rule 23 class, which did not exist and whose certification was not yet before the Court.

Epic's position is as follows:

- Plaintiffs' motion to compel a response to Request No. 1 (Doc. 177) sought pay records for each opt-in plaintiff from June 5, 2014 to the present. It did not seek pay records for putative members of a Rule 23 class, which did not exist.
- In Doc. 181, the Court ordered Epic to disclose pay records for each opt-in plaintiff from June 5, 2014 to the present. It did not order Epic to disclose pay records for putative members of a Rule 23 class, which did not exist.
- Epic disclosed these pay records.
- Discovery closed on February 10, 2021. (Doc. 156).
- Plaintiffs' interpretation of Doc. 181 is an attempt to avoid the discovery deadline because Plaintiffs did not request the pay records for putative class members of the requested Rule 23 class before February 10, 2021.

1

Epic recognizes the fast-approaching trial date of July 19, 2021, and Plaintiffs' need to resolve this discovery dispute in a timely way.

Happy to answer any questions,
Charlie

**Charlie Rosebrough**
*Associate*
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd
Kansas City, MO 64108

816.559.2944 | crosebrough@shb.com

**From:** Tim West <tim@bertramgraf.com>
**Sent:** Tuesday, May 4, 2021 3:28 PM
**To:** ███████████████████████; Pablo Mose <pablo@rbr3.com>; Rosebrough, Charlie (SHB) <crosebrough@shb.com>; ebarth_hinklaw.com <ebarth@hinklaw.com>; mike_thehodgsonlawfirm.com <mike@thehodgsonlawfirm.com>; Martucci, Bill (SHB) <WMARTUCCI@shb.com>
**Cc:** Tracy Strodtman <Tracy_Strodtman@mow.uscourts.gov>
**Subject:** RE: 17-cv-00454-DGK Albelo v. Epic Landscape Productions, L.C.

**EXTERNAL**

Hello ███████
Of course. The dispute is that Plaintiffs believe that the Court has ordered the Defendant to produce electronic pay records for all class members, not just the opt-in plaintiffs. Defendant disagrees. Specifically, the Court's Order noted that Court had previously ordered defendant "to produce electronic payroll records, in manipulable format… for all landscape laborers who performed work for Defendant from June 5, 2014 to present." Order [Doc. 181] at 2. The Court then approved of Plaintiffs' request for "electronic pay records for each class member in Microsoft Excel format." *Id.* at 1. As the Court noted, "[t]his information is essential to Plaintiffs' calculation of damages." *Id.* at 2. Trial in this matter is set to commence on July 19, 2021.

Defendant argues that the only class currently certified is an FLSA opt-in class and Defendant has produced electronic pay records concerning those plaintiffs. I should note that Defendant has moved to decertify that FLSA opt-in class and Plaintiffs have opposed that motion. Plaintiffs, on the other hand, have moved to certify a Rule 23(b) class in addition to the FLSA class. Defendant has opposed that motion and claims, therefore, that it is under no duty to produce electronic pay records for those class members. Plaintiffs understand that position, but given the timing of the trial must seek the electronic pay records for all class members to prepare their damages calculation for trial.

I have attempted to present the dispute in a non-adversarial way, but I'm sure Epic's counsel will add to my thoughts as he deems appropriate.
Thank you,
Tim

Tim West
Bertram & Graf, LLC
2345 Grand Blvd., Suite 1925
Kansas City, MO 64108
816-797-2762 (cell)

**From:** ~~[redacted]~~
**Sent:** Tuesday, May 4, 2021 12:33 PM
**To:** pablo_moselaw.com <pablo@moselaw.com>; crosebrough_shb.com <crosebrough@shb.com>; ebarth_hinklaw.com <ebarth@hinklaw.com>; mike_thehodgsonlawfirm.com <mike@thehodgsonlawfirm.com>; Tim West <tim@bertramgraf.com>; wmartucci_shb.com <wmartucci@shb.com>
**Cc:** Tracy Strodtman <Tracy_Strodtman@mow.uscourts.gov>
**Subject:** 17-cv-00454-DGK Albelo v. Epic Landscape Productions, L.C.

Counsel,

Mr. West emailed the Ms. Strodtman earlier today and indicated the parties have a dispute about "the interpretation of the Court's Order issued on December 8, 2020 [Doc. 181]" that they would like to discuss with the Judge.

Before Judge Kays schedules anything, he would like to know more about the dispute. Could the parties email me back with a summary of the dispute?

Thank you.

~~[redacted]~~
Judicial Law Clerk
Hon. Greg Kays, U.S. District Court

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.