IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO, o/b/o himself and all other persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 4:17-cv-0454-DGK |
| v. | )<br>) |
| EPIC LANDSCAPE PRODUCTIONS, L.C., | )<br>) |
| Defendant. | ) |

**ORDER DENYING MOTIONS TO DISMISS**

This is a collective action lawsuit seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). The Second Amended Complaint, ECF No. 34, also brings Rule 23 class action claims for various state law causes of action, including breach of contract. On May 23, 2018, the Court[1] conditionally certified a collective class of approximately one hundred current and former landscape laborers who worked for Defendant. ECF No. 41. A motion to certify a Rule 23 class is currently pending, as are a motion to decertify the collective class and cross-motions for summary judgment.

Now before the Court are two motions: (1) Defendant's motion to dismiss with prejudice thirteen opt-in Plaintiffs who were randomly selected to provide additional written discovery, but failed to do so, ECF No. 159; and (2) Defendant's motion to dismiss with prejudice eleven opt-in Plaintiffs who were randomly selected to sit for a deposition but failed to do so, ECF No. 190. For the following reasons, the motions are DENIED.

---

[1] This case was previously assigned to the Honorable Ortrie D. Smith, Senior Judge, United States District Court for the Western District of Missouri. It was transferred to the undersigned on January 22, 2020.

**Background**

The Court previously ordered the parties to conduct discovery on a representative basis, finding the total amount of discovery sought by Defendant was unnecessary, burdensome, and disproportionate to the needs of this case. Order Granting in Part Protective Order for Class Disc. at 5, ECF No. 151. The Court limited written discovery to the named Plaintiff, thirty randomly selected class members, and any opt-ins later identified as witnesses Plaintiffs may call at trial. *Id.* The Court also limited depositions to the named Plaintiff, twenty opt-in Plaintiffs of Defendant's choosing, and any opt-ins later identified as witnesses Plaintiff may call at trial. *Id.* at 6.

In support of its motions, Defendant notes that when individuals choose to participate in lawsuits, they agree to provide discovery about their claims, and Federal Rule of Civil Procedure 37 permits a court to dismiss a party who fails to participate in discovery. It also observes some courts have dismissed the claims of FLSA opt-in plaintiffs who were randomly selected to provide representative discovery but who failed to respond. *See, e.g.*, *Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2011 WL 7077232 (D. Neb. Dec. 15, 2011).

Plaintiffs oppose the motions, pointing out discovery in this case is being conducted on a representative basis, and there is no need for these particular opt-ins to provide the representative sample. Plaintiffs argue they offered to resolve this problem by having other opt-ins provide the requested information or sit for depositions, but Defendant declined. Plaintiffs argue Defendant's motivation is not to use discovery to obtain information, but as a means to impermissibly eliminate class members. Plaintiffs also note "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th

Cir. 2010).

### Standard

While a court "may" dismiss these opt-ins' claims for failure to participate in representative discovery, it is not required to do. Fed. R. Civ. P. 37(b)(2)(a) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court . . *may* issue further just orders.") (emphasis added). The Eighth Circuit has instructed that in making this decision, a court need not find that the plaintiff acted in bad faith, but "must find that the plaintiff acted intentionally as opposed to accidentally or involuntarily." *Arnold*, 627 F.3d at 722. A court should also balance "the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Id*.

Courts weigh a variety of factors when considering whether dismissal is appropriate for failure to participate in representative discovery. *Morales*, 2011 WL 7077232, at *5 (collecting cases). Of the factors courts have considered, those applicable to this case include: the degree of actual prejudice to the defendant, the litigant's culpability, and the efficacy of less severe sanctions.

### Discussion

Given the circumstances of this case, the Court holds dismissal as a sanction is not appropriate for several reasons. First, Defendant has suffered de minimis actual prejudice by these opt-ins' failure to participate in discovery. The only prejudice Defendant has identified is "being forced to waste additional time, money and effort in pursuit of information from other opt-ins." Mot. at 4, ECF No. 159. Since Defendant has apparently failed to avail itself of

3

Plaintiffs' suggestion to obtain discovery from replacement opt-ins,[2] Defendant's lost time, money, and effort pursuing this information is minimal. Of course, Defendant has been deprived of whatever it would have learned from this discovery. But after reviewing Defendant's motion to decertify the collective class and brief opposing Plaintiffs' motion for certification of a Rule 23 class, the Court finds Defendant has taken sufficient discovery to support its defenses and explore Plaintiffs' claims. Whatever Defendant would have learned from the opt-ins who failed to participate in discovery would likely have been cumulative. The Court sees no indication that the chosen opt-ins' failure to participate in discovery has disadvantaged Defendant in any way. This factor cuts against dismissal.

Second, the collective class members in this case are landscape workers, many of whom live outside the United States and speak little or no English. The Court suspects most are unfamiliar with the Federal Rules of Civil Procedure and their duties as civil litigants. While this does not excuse their failure to participate in discovery, it mitigates against imposing the extreme sanction of dismissal.

Third, there is nothing special about these opt-ins; they could have been replaced with other opt-ins for purposes of conducting representative discovery. That Defendant eschewed pursuing a reasonable solution—getting discovery from replacements with any necessary extension of discovery deadlines—and instead sought the extreme sanction of dismissal, suggests the motions are less about obtaining discovery than in winnowing claims from the litigation. This too weighs against imposing sanctions.

Fourth and finally, as a practical matter, there is a lesser sanction in place and available for these opt-ins failure to participate in discovery: Plaintiffs may not call any of them as

---

[2] The record here is somewhat unclear. If Defendant availed itself of this opportunity and obtained discovery from replacement representative opt-ins, there is almost no prejudice.

witnesses at trial. The Court's prior Order pertaining to class discovery already provides that Plaintiffs may call as witness only those opt-ins who have provided written discovery and been deposed. Thus, at trial, Plaintiffs will be deprived of whatever useful testimony these opt-ins may have possessed.

Accordingly, for the above reasons, the motions are DENIED.

**IT IS SO ORDERED.**

Date: May 28, 2021 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT