# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO, o/b/o himself and all other persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No.: 4:17-cv-0454-DGK ) ) |
| EPIC LANDSCAPE PRODUCTIONS, L.C., | ) ) |
| Defendant. | ) |

## ORDER DENYING CLASS CERTIFICATION

This is a collective action lawsuit seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). The Second Amended Complaint ("the Complaint"), ECF No. 34, also brings Rule 23 class action claims for various state law causes of action.

Now before the Court is Plaintiff Radames Molina Albelo's ("Albelo") Motion for Class Certification. ECF No. 208. Because Plaintiff has failed to carry his burden of demonstrating that the requirements for class certification are met, the motion is DENIED.

### Background

The putative class is comprised of a group of current and former landscape laborers who worked for Defendant Epic Landscape Productions, LC ("Epic"). Epic provides lawn care and landscaping for clients in Kansas and Missouri. Epic employs, among other workers, temporary laborers from Mexico, using the H-2B visa program, as well as laborers from Puerto Rico and the Kansas City area.

As part of the H-2B program, Epic filed forms with the federal government. In these forms, Epic made representations about the wage rate it would pay its workers, including whether it would

pay workers overtime and at what rate. In making these applications, Epic never indicated that the H-2B workers would not receive overtime compensation. Epic contends it was exempt from having to pay these workers overtime compensation pursuant to the Motor Carrier Act ("MCA") exception.[1]

The named Plaintiff, Albelo, allegedly worked eighty to one-hundred hours per week as a landscape laborer from approximately February 2016 through approximately August 2016. During his employment, Epic never paid him any overtime premium.

Albelo is a proposed class representative. He has conceded that he has no breach of contract claim because he was not working for Epic pursuant to the H-2B visa program and cannot remember ever hearing or seeing any advertisements promising Epic would pay him overtime pay.

The other proposed class representative, Jose Mercado-Gonzalez ("Mercado-Gonzalez"), is a landscape laborer who allegedly often worked well over forty hours in a workweek and was never paid an overtime premium. He was not working for Epic pursuant to the H-2B program.

Plaintiff contends Epic consistently and uniformly contracted with its H-2B laborers in a manner that guaranteed overtime premiums for work performed in excess of forty hours in a workweek. He also alleges Department of Labor regulations mandate that American workers must be paid, at a minimum, the identical wage as their H-2B counterparts.

Plaintiff brings this action as a hybrid Rule 23 state class/nationwide collective action under the FLSA and Missouri and Kansas common law for breach of contract and unjust enrichment. Plaintiffs allege that Defendant violated state common law by failing to pay them, and all other

---

[1] The MCA expressly excludes from the FLSA "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to [49 U.S.C. § 52502]." 29 U.S.C. § 213(b)(1). "Commonly known as the Motor Carrier Act ('MCA') exemption, this exemption is designed to avoid potentially overlapping jurisdictions between the Transportation Secretary, who now administers the MCA, and the Secretary of Labor ("Labor Secretary"), who administers the FLSA." *LaCurtis v. Express Med. Transporters, Inc.*, 856 F.3d 571, 574–75 (8th Cir. 2017) (quotations omitted).

similarly situated employees, for all hours worked in a workweek, including overtime compensation.

Plaintiff seeks to recover back pay, individually and on behalf of the proposed class, pursuant to breach of contract claims as a result of guarantees and warranties made to landscape laborers through the course of job advertisements, as well as through direct contractual agreements, and under common law theories of unjust enrichment.

**Standard Governing Class Certification**

Federal Rule of Civil Procedure 23 governs class certification. The rule requires a class action satisfy all Rule 23(a) requirements and at least one Rule 23(b) requirement. Rule 23(a) mandates the party seeking certification demonstrate: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are summarized as numerosity, commonality, typicality, and adequacy. *See Stuart v. State Farm Fire and Cas. Co.*, 910 F.3d 371, 374 (8th Cir. 2018) (summarizing requirements). Under Rule 23(b)(3)—Plaintiff Albelo's chosen Rule 23(b) subsection—the party seeking certification must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In addition to the foregoing explicit requirements, Rule 23 implicitly requires: a class exist, the proposed representative be a member of the class, the class be adequately defined and clearly ascertainable, and the class be administratively manageable. *Sandusky Wellness Ctr. V. Medtox*

*Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016); *Dumas v. Albers Med., Inc.*, No. 03-0640-CV-W-GAF, 2005 WL 2172030, at *5 n.7 (W.D. Mo. Sept. 7, 2005).

The plaintiff bears the burden of showing that the class should be certified and the requirements for class certification have been met. *See Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013).

## Discussion

### I. The proposed class definition proposed is problematic.

Plaintiff proposes defining the class as:

> All persons who worked for Defendant as Landscape Laborers in Kansas and Missouri and who supervised less than two full time employees from October 19, 2012 to the present, and who performed work for the Defendant for more than 40 hours in workweek without proper compensation.

Mot. for Class Certification at 6, ECF No. 208. This definition is problematic for two reasons. First, the phrase "without proper compensation" arguably defines the class as an impermissible "fail-safe" class, a class where membership is restricted to only those who have valid claims. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 825 (7th Cir. 2012). Such a class is improper because the "class member either wins, or by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Id*. While the Court could resolve this problem by refining the class definition, the Court declines to do so here because there are larger problems, discussed below, which preclude certification.

Second, the class definition does not provide for subclasses, and Plaintiffs have not proposed, even in the alternative, using subclasses. This is problematic because a subset of the proposed class, the H-2B workers, appear to have plausible breach of contract claims that could be certified as a class. *See Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1089,

4

1093 (D. Colo. 2016) (certifying in an analogous case a class comprised solely of H-2B workers).

## II. The Rule 23(a) requirements are not all satisfied.

Only the numerosity factor is satisfied here, as discussed in depth below.

### A. The numerosity requirement is satisfied.

There is no magic number to satisfy the numerosity requirement; the putative class must simply be so numerous that joinder of all class members is impractical. *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). The parties agree that the proposed class here contains approximately 1,100 members, which Defendant concedes satisfies the numerosity requirement. Defendant questions whether any potential subclass would be sufficiently numerous for class certification, but that issue is not before the Court at this time. Accordingly, the Court finds this element is met.

### B. The commonality requirement is not satisfied.

To satisfy Rule 23(a)(2)'s commonality requirement, the plaintiff must do more than show the presence of common questions of law or fact. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). "Commonality requires the plaintiff to demonstrate the class members have suffered the same injury," and that the common questions have "common *answers* apt to drive the resolution of the litigation" for the proposed class. *Id.* The class claims "must depend on a common contention" which is "of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve the issue that is central to the validity of each one of the claims in one stroke." *Id.*

Plaintiff asserts the common—in fact, "virtually *identical*"—questions of law and fact in this case are:

> (1) whether Defendant has violated Kansas or Missouri law in failing to properly compensate its Landscape Laborers for overtime hours;
>
> (2) whether Plaintiff and members of the Class are entitled to interest for Defendant's acts and conduct;
>
> (3) the nature and applicability of any alleged affirmative defenses which have been raised by Defendant; and
>
> (4) the extent of damages.

Mot. for Class Certification at 13.

The Court holds Plaintiff has not carried his burden of demonstrating that there are common questions of law and fact here. The first question, "whether Defendant violated Kansas or Missouri law in failing to properly compensate" class members by not paying overtime is not a common question. Just what "law" Plaintiff is referring to is problematic; Plaintiff is bringing claims for two state law causes of action, breach of contract and unjust enrichment, under two different states' laws, Kansas and Missouri. Plaintiff's briefing provides little explanation as to exactly how these questions are common to the putative class.

Setting aside the fact that Plaintiff has vaguely framed this question and provided little analysis, the putative class members' claims for breach of contract do not have common answers. Since the elements for breach of contract are virtually the same under Kansas and Missouri law,[2] the fact that different states' laws apply to different class members is not an obstacle to certification. The certification problem here is that whether the parties formed any contract to pay overtime—the first element of a contract claim—differs among the various class members. For example, one group of class members' contract claims are premised on a contract being formed by

---

[2] Compare *Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323, 327 (Mo. App. W.D. 2017) (breach of contract elements under Missouri law), *with Alliance Platforms, Inc. v. Behrens*, 305 P.3d 30, 60 (Kan. Ct. App. 2013) (breach of contract elements under Kansas law).

hearing or seeing Epic's job advertisements suggesting workers would be paid overtime at a rate of time and a half. Another group of class members—those working for Epic on H-2B visas—breach of contract claims are premised on the fact that Epic, as part of the H-2B visa application process, submitted forms to the federal government stating they would be paid overtime. Finally, at least one class member, Plaintiff Albelo, concedes Epic did not contract with him to pay him overtime compensation. Pl.'s Suggestions in Opp'n to Def.'s Mot. for Partial Summ. J. at 12, ECF No. 221 ("Plaintiff Albelo agrees that there is no contract between Epic and Albelo, and agrees that the Court should deny relief to Plaintiff Albelo on that basis."). Thus, there is no uniform answer as to whether the first element of a breach of contract claim, on a class-wide basis, is satisfied. The answer will depend on different evidence, and the answer could be different for different class members. This is fatal to class certification for a breach of contract claim.

Of course, creating subclasses, particularly a subclass of H-2B workers, might solve this problem. But Plaintiff has not proposed creating subclasses, and it is the plaintiff's burden to define the class.[3]

This leaves claims of unjust enrichment for potential class certification. As a threshold matter, Plaintiff's brief fails to identify what the elements for unjust enrichment are, much less explain how they can be litigated on a class-wide basis.[4] The elements of unjust enrichment appear to be slightly different under Missouri and Kansas law. *Compare Roberts v. Roberts*, 580 S.W.3d

---

[3] The Court recognizes that under Rule 23(c)(4) it may define an appropriate class *sua sponte*, including the creation of subclasses. *U.S. Fidelity & Guar. Co. v. Lord*, 585 F.2d 860, 865 (8th Cir. 1978) (observing "the district court can redefine the class or create subclasses, on its own initiative, or on motion of any party"); *Lundquist v. Security Pac. Auto. Fin. Serv. Corp.*, 993 F.2d 11, 14 (2nd Cir. 1993). The Court considered certifying a subclass of H-2B workers, or at least ordering the parties to brief whether it should, but declined to do so for two reasons. First, Plaintiff's counsel may have made a tactical decision not to pursue subclasses (perhaps because there is not a representative for such a subclass, or a subclass would not be sufficiently numerous for class certification), and the Court is inclined to respect attorneys' tactical decisions. Second, it is the plaintiff's burden to define a proper class, including showing how an action may be subclassed to avoid certification problems. *See Lundquist*, 993 F.2d. at 15.

[4] In fact, the two pages in Plaintiff's initial brief discussing commonality do not include the phrase "unjust enrichment."

600, 605 (Mo. App. E.D. June 28, 2019) (unjust enrichment elements under Missouri law), *with J.W. Thompson Co. v. Welles Prod. Corp.*, 758 P.2d 738, 745 (Kan. 1988) (unjust enrichment elements under Kansas law, including a requirement that the defendant appreciated or had knowledge of the benefit conferred by the plaintiff). Even assuming that these differences are not material, at trial the class would have to prove that they conferred a benefit on Epic under such circumstances that it would make it inequitable for Epic to retain the benefit without paying them for its value. *Roberts v. Roberts*, 580 S.W.3d at 605; *J.W. Thompson Co.*, 758 P.2d at 745 It appears Plaintiff intends to satisfy this element by arguing that because Epic agreed in government filings to pay its foreign H-2B workers overtime (the basis of these workers' breach of contract claims), Epic should have to pay its non-H-2B workers overtime also. Mot. for Class Certification at 14. That Epic did not pay its non-H-2B workers overtime pay means Epic was enriched at the expense of its non-foreign workers under such circumstances that would make it inequitable for it to retain the benefit. Reply Suggestions at 2, ECF No. 226.

The problem here is that there is no common question of law or fact. Whether Epic was enriched at the expenses of its non-foreign workers is a question that pertains to only part of the class, non-H-2B workers. This question does not apply to the H-2B workers at all. In fact, upon closer inspection, it is not clear if Plaintiff is asserting an unjust enrichment claim for the H-2B workers at all. This is fatal to class-wide certification of an unjust enrichment claim.

Again, this problem might be solved through the use of subclasses. But Plaintiff has not proposed creating such a subclass, and it is the plaintiff's burden to define the class.

Accordingly, the Court holds Plaintiff has not carried his burden of demonstrating Rule 23(a)(2)'s commonality requirement is satisfied.

    **C.**    **The typicality requirement is not satisfied.**

"Generally speaking, typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class so that the court may properly attribute a collective nature to the challenged conduct." Newberg on Class Actions § 3:29 (5th ed. June 2021 Update). "A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members and if his or her claims are based on the same legal theory." *Id*. "The test for typicality is not demanding and 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" *Id.* (quoting *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001)). The court should deny certification when the variation between the plaintiff's claims and the absent class members' claims "strikes at the heart of the respective causes of actions." *Id.* (quoting *Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (8th Cir. 2006)). The plaintiff's claims need not be identical to those of the class; typicality is satisfied so long as named plaintiff's claims share the essential characteristics of the absent class members' claims. *Id.*

In the present case, neither Plaintiff Albelo's nor Mercado-Gonzalez' claims are typical of the putative class. In a companion order to this one, the Court has ruled Albelo does not have a claim for either unjust enrichment, quantum meruit or breach of contract. *See* Order Granting in Part Def.'s Mot. for Partial Summ. J., ECF No. 262. Because Albelo does not have a claim for unjust enrichment, he cannot satisfy the typicality requirement.

Plaintiff's suggestion that Mercado-Gonzalez act as class representative for the putative class members' breach of contract claims, Mot. for Class Certification at 21, is also unavailing. Plaintiff offers him as a class representative because, at least at the time the motion and supporting brief were filed, he understood Mercado-Gonzalez to be an H-2B worker. *Id*. at 1 ("Jose Mercado-Gonzalez . . . worked for Epic under its H-2B Visa program [and] frequently worked well over 40

9

hours in a workweek [but was not paid overtime premiums]. . . despite contract terms stating that he would receive such a premium."). Epic subsequently pointed out that Mercado-Gonzalez was not an H-2B worker. Suggestions in Opp'n to Pl's Mot. for Class Certification at 27, ECF No. 223. In his reply, Plaintiff does not dispute this, rather, he suggests the Court substitute another landscape laborer who was an H-2B worker, Antonio Negrete-Zapien, to represent the class.

Granted, when necessary, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new class representative who meets the Rule 23(a) requirements. Manual for Complex Litigation (Fourth) § 21.26 (2004). For example, courts allow replacement when a class representative's claim becomes moot, or the class representative begins acting in a way inconsistent with the interests of the class. *Id*. The Court declines to do so here because this is not the typical case: Mercado-Gonzalez has never been an H-2B worker, so he has never been a typical class representative. Plaintiff knew, or should have known, this before he filed the class certification motion because this case has been pending for almost four years.[5] There is no injustice in denying Plaintiff leave to substitute a class representative when he did not identify a suitable representative despite the case being pending for so long.

Because Mercado-Gonzalez does not have a breach of contract claim that is representative of the class, at least the H-2B workers, he is not "typical" of the class either. Thus, the typicality requirement is not satisfied.

### D. The adequacy requirement is not satisfied.

The purpose of ensuring that the named plaintiff will adequately represent the class is "to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). To satisfy Rule 23(a)(4)'s adequacy

---

[5] Plaintiff filed this lawsuit on June 5, 2017, and he filed for Rule 23 class certification on March 10, 2021, so at the time the case had been pending for over three years and nine months.

requirement, the named plaintiff must be "part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 625–26 (quotations omitted). In addition to determining the adequacy of the plaintiff as a class representative, the court must determine whether plaintiff's counsel is adequate. *Id*. In the absence of evidence to the contrary, the court assumes that class counsel is adequate. *Morgan v. United Parcel Serv. of Am., Inc.,* 169 F.R.D. 349, 357 (E.D. Mo. 1996).

As discussed above, Albelo does not have an unjust enrichment or breach of contract claim, thus he is not an adequate class representative. Moreover, allowing him to serve as a class representative under the circumstances creates a potential conflict of interest since he is also the class representative for the FLSA collective-action class members. This arrangement creates a risk that in any settlement which involved settling both the Rule 23 claims and the FLSA collective-action claims, Albelo might be tempted to leverage the claims of the Rule 23 class, of which is not a member, for the benefit of the FLSA collective-action class, of which he is a member. That is, Albelo would benefit by discounting the Rule 23 class members' claims in return for Epic paying a premium to settle the FLSA class members' claims.

Mercado-Gonzalez is also not an adequate class member. Because he is not an H-2B worker, who appear to have the strongest breach of contract clams, he cannot adequately represent the interest of these class members.

### III. Rule 23(b)(3) is not satisfied because Plaintiff has not demonstrated common issues predominate over individual issues.

Finally, class certification fails because Rule 23(b)(3)'s requirement that common issues predominate over individual ones is not met. Rule 23(b)(3) requires the party seeking certification to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). "If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Id.* "In making its determination, the district court must undertake a rigorous analysis that includes examination of what the parties would be required to prove at trial." *Avritt*, 615 F.3d at 1029.

As the Court discussed in its commonality analysis, the putative class cannot prove their breach of contract claims with common evidence. One group will endeavor to show Epic agree to pay them overtime wages by admitting evidence of the advertisements they saw or heard. Another group, those working on H-2B visas, will seek to prove Epic agreed to pay them overtime by admitting the forms Epic submitted to the federal government as part of the H-2B visa approval process.[6] Since different evidence will be needed to prove different class members claims for the same cause of action, there is not a common question here that predominates. *See Torres-Vallejo*, 220 F. Supp. 3d at 1088–90 (holding in an analogous case that differences in breach of contract theories between Mexican H-2B workers and U.S. workers precluded certification of a class comprised of both groups).[7]

---

[6] Also, some class members, like Albelo, have no breach of contract evidence to submit it all.

[7] The district court in *Torres-Vallejo* resolved this problem by certifying a class composed of Mexican H-2B workers only. Because Plaintiff has not proposed any subclasses, the Court declines to certify a class of only H-2B workers in this case.

There is similarly no common question of law or fact with respect to unjust enrichment claims. Plaintiff's argument is that because Epic agreed in government filings to pay its H-2B workers overtime, Epic should have to pay its other workers overtime as well, and since Epic did not pay its non-H-2B workers overtime pay means Epic was unjustly enriched by these workers. But whether Epic was enriched at the expense of its non-H-2B workers is a question that, by definition, applies to only part of the class, the non H-2B workers. Thus, there is no common question here.

**Conclusion**

Because Plaintiff has failed to carry his burden of demonstrating the requirements for class certification are met, the Plaintiff's Motion for Class Certification is DENIED.

**IT IS SO ORDERED.**

Date: June 28, 2021         /s/ Greg Kays
                            GREG KAYS, JUDGE
                            UNITED STATES DISTRICT COURT