# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RADAMES MOLINA ALBELO, o/b/o )
himself and all other persons similarly )
situated, )
                                                      )
                 Plaintiff, )
                                                      )         Case No.: 4:17-cv-0454-DGK
v. )
                                                      )
EPIC LANDSCAPE PRODUCTIONS, L.C., )
                                                      )
                 Defendant. )

## **ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY**

This is a collective action lawsuit seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). Now before the Court is Plaintiff Radames Molina Albelo's ("Albelo") Motion to Exclude Defendant's Expert Land VanIngen. ECF No. 214.

Defendant Epic Landscape Productions, L.C. ("Epic") describes Mr. VanIngen as "an expert providing guidance to the transportation industry regarding safety and compliance matters related to the enforcement of the Federal Motor Carrier Safety Regulations (FMCSRs) and applicable state fleet safety laws." Suggestions in Opp'n at 3, ECF No. 220. Epic proposes having him testify about state and federal regulations applicable to Epic, particularly regulations related to the applicability of the Motor Carrier Act exception to Epic. These topics include: the applicability of various federal and state regulations to Epic, whether Epic has operated commercial vehicles in interstate and intrastate commerce; and whether Epic employees meet the definition of a driver's helper as defined in 29 CFR § 782.4.

Plaintiff moves to exclude his testimony under Federal Rule of Evidence ("FRE") 702, arguing his testimony as inadmissible legal conclusions. Plaintiff describes his testimony as an

opinion on whether Epic has complied with the law by describing the law and then applying it to the facts of this case. Plaintiff also notes that much of what he purports to testify about is either not in dispute, an unnecessary summary of the law, or is guidance on the law which is the province of the Court.

Defendant responds that Mr. VanIngen's testimony does not impermissibly opine that Epic is in compliance with the FMCSRs, that his testimony will assist the jury in understanding the complex motor carrier regulatory framework, and, at the very least, some of his testimony concerns admissible factual statements and data.

The Court holds much of Mr. VanIngen's proposed testimony offers a legal opinion under the guise of expert testimony, or instructs the jury on the law, which is the Court's function and so inadmissible under FRE 702. *See S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). The balance of his proposed testimony is either irrelevant, not in dispute, or unnecessary to resolve the issues before the jury in this case, and thus inadmissible under Federal Rule of Evidence 402 or 403.

Accordingly, Plaintiff's motion is GRANTED.

**IT IS SO ORDERED.**

Date: June 29, 2021      /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT