IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO, o/b/o himself and all other persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 4:17-cv-0454-DGK<br>)<br>) |
| EPIC LANDSCAPE PRODUCTIONS, L.C., | )<br>) |
| Defendant. | ) |

## ORDER APPROVING FLSA SETTLEMENT

This is a collective action lawsuit seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). Now before the Court is Plaintiff's Renewed Unopposed Amended Motion for Approval of Revised FLSA Collective Action Settlement and Suggestions in Support. ECF No. 278.

Because the proposed Settlement Agreement, ECF No. 278-1 at ECF page numbers 29-38,[1] meets the requirements for approval, the motion is GRANTED.

### Background

Defendant Epic Landscape Productions, LC ("Epic") provides lawn care and landscaping for clients in Kansas and Missouri. On June 5, 2017, Plaintiff Radames Albelo filed suit against Defendant on behalf of himself and others for failure to pay unpaid wages and overtime pursuant to the FLSA. Plaintiff's subsequent amended complaints added putative Rule 23 class action claims for related Missouri and Kansas state law claims for unpaid overtime.

---

[1] The Court includes the ECF page numbers because as a result of a clerical error ECF No. 278-1 contains two different settlement agreements. The first, at ECF page numbers 1-28, is the proposed settlement agreement the Court previously declined to approve. The second, at ECF page numbers 29-38, is the revised settlement the parties reached on July 8, 2021. This latter settlement is what the Court approves.

After several years of litigation and numerous mediation sessions along the way, the parties reached a proposed settlement. ECF No. 260-1. The Court declined to approve it, ECF No. 261, and the litigation continued. The Court then issued several rulings on potentially dispositive issues. The Court denied certification of a Rule 23 class, ECF No. 263, and granted Epic partial summary judgment, ECF No. 262, but affirmed certification of an FLSA "opt-in" class composed of "all current and former hourly landscape laborers who worked for Epic at any time from June 5, 2014, to the present." ECF Nos. 235-36. Shortly before trial was scheduled to begin, the parties reached a new proposed settlement, ECF No. 276-1, which the parties modified slightly into the proposed settlement ("the Settlement") now before the Court.

The Court finds that given the advanced stage of the litigation, the parties are familiar with the various claims and defenses in the case. The Court further finds both parties are represented by attorneys who have experience in FLSA cases.

**Standard**

Although ordinarily employers and employees can settle disputes without court approval, where, as here, an employee has brought a lawsuit directly against an employer for violating the FLSA, an employee can settle his or her FLSA claim only if the parties agree on a settlement and the district court enters a stipulated judgment. *Beauford v. Action Link, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) (citing *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008)) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). A district court may approve an FLSA settlement only if it finds (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable. *Lynn's Food Stores, Inc.*, F.3d at 1355.

In reviewing the Settlement, the Court is mindful that public policy favors settlements of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354. A court must, therefore, not substitute "its own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148–49 (8th Cir. 1999) (ruling in the context of a Rule 23 class action settlement).

## Discussion

The Court finds the Settlement satisfies the prerequisites for approval.

### I. A bona fide wage and hour dispute exists.

To demonstrate a bona fide wage and hour dispute exists, the parties must provide the court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012). Here, the existing record contains ample proof that a bona fide dispute exists: The record contains numerous hotly contested, fully-briefed motions, orders analyzing and ruling on these motions, and various pretrial filings.

### II. The Settlement is fair and equitable to all parties.

To evaluate the fairness and reasonableness of an FLSA settlement, the Court considers the following factors:

> (1) the amount of discovery that has occurred; (2) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (3) whether there are any indicia of collusion; (4) class counsel, the parties, and the class members' opinions about the settlement; and (5) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*Sanderson v. Unilever Supply Chain, Inc.*, No. 4:10–CV–0775–FJG, 2011 WL 5822413, at *2 (W.D. Mo. Nov. 16, 2011). Applying these factors to the present case, the Court notes substantial discovery has occurred; the Settlement was reached on the eve of trial; there are no indicia of collusion; and class counsel, the parties, and (to the extent the Court can tell) the collective class members themselves all support the Settlement. These factors all weigh in favor of approval.

With respect to the last factor, the Court holds it is more applicable to settlements reached relatively early in a case, where it is plausible that additional discovery might unearth new facts or the court might issue a ruling bolstering the class members' bargaining position. This case, however, was literally days away from trial when the parties settled, so determining whether continued litigation would have resulted in a higher recovery for the class requires speculating whether a jury would have returned a sizeable verdict for the class, and whether such a verdict would have withstood any appeal. Although it appears Plaintiffs had strong claims, the Court has no idea what would have happened at trial, so this factor weighs neither for or against approving the Settlement.

Since all the applicable factors weigh in favor of approval, the Court approves the Settlement.

## Conclusion

The Court GRANTS Plaintiff's Renewed Unopposed Amended Motion for Approval of Revised FLSA Collective Action Settlement and Suggestions in Support.

**IT IS SO ORDERED.**

Date: August 17, 2021                              /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT

5

Case 4:17-cv-00454-DGK   Document 279   Filed 08/17/21   Page 5 of 5