IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RADAMES MOLINA ALBELO, o/b/o himself and all other persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No.: 4:17-cv-0454-DGK |
| v. | ) ) |
| EPIC LANDSCAPE PRODUCTIONS, L.C., | ) ) |
| Defendant. | ) |

## ORDER APPROVING ATTORNEYS' FEES REQUEST AND GRANTING FINAL APPROVAL OF SETTLEMENT

This is a collective action lawsuit seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA") which the parties have settled. Now before the Court are Plaintiffs' Motion for Attorneys' Fee/Costs and for Final Approval, ECF No. 283, Defendant's Suggestions in Opposition, ECF No. 284, the Court's Order Directing Counsel to Provide Additional Information Concerning Attorneys' Fees Request, ECF No. 286, and Plaintiffs' Response, ECF No. 287.

The history of these filings is as follows: Plaintiffs sought an award of $250,000 in attorneys' fees plus $18,191.72 in costs and expenses. Plaintiffs suggested that a lodestar analysis was the appropriate method of determining the reasonableness of the fee request, and their attorneys stated they had expended "at least 898.4 hours prosecuting this litigation." Mot. at 2, ECF No. 283. The initial motion provided summaries of their work performed in this case, and counsel offered to provide more detailed time records upon request. Mot. at 7 n.2.

In its response, Defendant Epic Landscape Productions did not dispute the reasonableness of the request, but noted that without detailed records substantiating the amount of work counsel

has performed, it could not tell if counsel was seeking to be compensated for work related to the FLSA claims that were settled, dismissed, or for which class certification was denied.

In its Order directing counsel to provide additional information, the Court agreed that a lodestar analysis was the appropriate method of determining whether the requested amount is reasonable, but noted additional information was needed. In relevant part, the Court directed Plaintiffs to file documentation of the time each individual attorney or staff member spent on this case along with that individual's hourly billing rate; and a detailed list of the expenses incurred, if not already provided.

Plaintiffs' response to this Order has been uneven. The documentation of expenses is sufficient; the documentation of time spent on the case is problematic. Three attorneys represented the Plaintiffs in this case. The first two, Tim West and Paul "Pablo" Mose, submitted exactly what the Court requested.

Mr. West provided detailed time record which were contemporaneously recorded with the work performed, and the amount of time worked on the case, 283.4 hours, appears reasonable. His claimed billing rate, $395 an hour, is also reasonable given his nineteen-years' experience in prosecuting and defending class actions. While his staff did not keep detailed time records of their time spent on this case, Mr. West was able to provide indirect evidence, such as the number of note entries his staff made in case files and the number of emails they sent concerning it, which document extensive staff time spent on this case—at least 40 hours—which is fairly compensated at $125 an hour.

Similarly, Mr. Mose has provided thorough records documenting his work on the case. The time he claims he spent on this case, 308 hours, is well documented and reasonable. The Court also notes he also spoke directly with all class members who could only speak Spanish, or

2

preferred to speak Spanish, saving the class members (and Defendant) translation expenses. Although his claimed hourly rate of $400 an hour is on the high side given that he does not have a great deal of experience in FLSA cases, given the added value he brought by being able to speak Spanish, that rate is fair in this case. The time sought for paralegal work in his office, 15.6 hours, is also reasonable. No rate is listed for this paralegal work, so the Court uses a typical rate of $125 an hour.

And then there is what attorney Michael Hodgson has submitted. Plaintiffs' brief states, "Attached as Exhibit 2 is a true and accurate copy of Michael Hodgson's detailed time records." Resp. ¶ 3, ECF No. 287. It states Mr. Hodgson has "personally recorded in excess of 333.45 hours of work in connection with this litigation (after an exercise of billing judgment)," and that "the lodestar value of that time is $183,397.50," which amounts to an hourly rate of $550 an hour. *Id*.

But the exhibit, ECF No. 287-2, is not anything like detailed time records. It is a document titled "Staff Calendar" for the time period from January 6, 2016, to January 6, 2022. It consists of entries in an eighty-page table with five columns: "Staff Name/Event Date," "Event Subject," "Event Description," "Calendar," and "Duration." All the entries appear to be generated from Mr. Hodgson's work calendar. While most seem to document some kind of work performed on the case, other entries appear to have nothing to do with this case, yet all are counted toward Mr. Hodgson's 333.45 hours of time. For example, on December 10, 2021, there is an entry stating, "Read email: HOLIDAY GIFTING | in stock ready to ship," and an entry on December 14, 2021, states, "Read email: C.R.A.P. RE: Kansas Expedited Eviction." Nothing in these entries suggests these emails are related to work performed on this case. And these are not isolated examples. An entry on November 26, 2021, states "Read email: mikehodgson873: 6 new videos that you might like," and an entry on November 28, 2021, states "Read email: Open Forum Digest for Saturday

3

November 27, 2021." Mr. Hodgson seeks to bill for reading both of these emails. While the proceeding examples are all drawn from the fall of 2021, after the case settled, there are email entries from much earlier in the litigation which also do not appear to be related to this case. An entry from November 20, 2017, states "Read email: Fwd: Rose Winner (in-home healthcare potential wage case)," suggesting the email was about a potential plaintiff in another FLSA case.

The "Staff Calendar" report is also frustrating in other ways. It appears that some of the entries may be duplicates, but the Court cannot tell because so little information is provided. Another oddity is that most of the entries are billed for six minutes of time, 0.10 hour; there are almost no entries associated with substantive work performed on the case, such as editing a brief or taking a deposition, which typically take many hours. In short, the Court has little confidence in what Mr. Hodgson has submitted as documentation of his time spent on this case.

With respect to staff time, Mr. Hodgson acknowledges he does not have any records of staff time spent on this matter. He does, however, observe that his staff were heavily involved in reviewing tens of thousands of pages of documents, which is plausible for an FLSA case such as this one.

In short, while the Court is certain Mr. Hodgson and his staff worked on this case, it has no idea exactly how much time they spent working on this case. Frankly, the Court doubts Mr. Hodgson has a very good idea either. At any rate, given the deficiencies in the "detailed time records" Mr. Hodgson submitted, the number of hours Mr. Hodgson claims to have worked on this case, 333.45 hours, is not reliable.

This would typically result in the Court reducing the amount of attorneys' fees awarded. However, because the amount of attorneys' fees Plaintiffs are seeking is relatively modest to begin with—$250,000—and the lodestar analysis is almost satisfied with the hours worked on this case

by the other two attorneys and their staffs—$242,093,[1] the Court can still award the entire amount sought because it is certain Mr. Hodgson and his staff performed at least $8,000 worth of work on this case.

As for Defendant's concern, the Court sees nothing in the records that indicates counsel is seeking to be compensated for work related to the FLSA claims that were dismissed or for which class certification was denied.

Plaintiffs' Motion for Attorneys' Fee/Costs and for Final Approval is GRANTED. The Court awards class counsel $268,191.72 in fees and expenses. This amount shall be paid within thirty days of the date of this order.

The Court grants final approval to this settlement which was initially approved by the Court on August 17, 2021.

**IT IS SO ORDERED.**

Date: March 23, 2022    /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[1] Mr. West's 283.4 hours worked at $395 an hour equals $111,943. Mr. West's staff 40 hours worked at $125 an hour equals $5,000. Mr. Mose's 308 hours worked x $400 an hour is $123,200. Mr. Mose's paralegal 15.6 hours worked at $125 an hour is $1,950. The total is $242,093, the sum of $111,943 plus $5,000 plus $123,200 plus $1,950.